Jaazaniah Asahguii, Esq.
Gaines, Novick, Ponzini, Cossu & Venditti, LLP
Attorneys for the Plaintiff
1133 Westchester Avenue, Suite N-202
White Plains, New York 10604
Tel. (914) 288-9595
Fax (914) 288-0850
Email: jasahguii@gainesllp.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X

CUSMA FRANKLIN,

PLAINTIFF,

v.

CSC HOLDINGS, LLC, d/b/a ALTICE USA, a/k/a OPTIMUM, formerly d/b/a CABLEVISION SYSTEMS CORP.,

DEFENDANT.

---------------------------------------------------------------X

CIVIL ACTION NO.

**VERIFIED COMPLAINT**

Plaintiff Franklin Cusma ("Ms. Cusma" or "Plaintiff"), by and through his attorneys, Gaines, Novick, Ponzini, Cossu & Venditti, LLP, as for his Complaint in the action against Defendant, CSC Holdings, LLC, d/b/a Altice USA, formerly d/b/a Cablevision Systems Corp. ("Defendant" or "Employer"), hereby alleges as follows:

1. This is an action for declaratory, injunctive and equitable relief, as well as well as monetary damages, to redress Defendant's unlawful employment practices committed against Mr. Cusma, including its unlawful discrimination and harassment committed against Mr. Cusma in violation of the Age Discrimination Employment Act of 1967, 29 U.S.C. § 621, *et seq*. ("ADEA"); the New York State Human Rights Law, New York Executive Law §§ 296, *et seq*. (the "NYSHRL"), the Nassau County Human Rights Law, The Nassau County Administrative Code Title C-2 § 21-9.8 et. seq. (the "NCHRL").

## Jurisdiction and Venue

2. This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Mr. Cusma's rights under the ADEA. This Court has supplemental jurisdiction over Mr. Cusma's related claims arising under state and/or local law pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this district because Mr. Cusma resides in this District, the unlawful employment practices against Mr. Cusma were committed in this district, the employment records relevant to the unlawful employment practices are maintained and administered in this district, and Defendant's offices are located in this district.

## Parties

4. Mr. Cusma is a forty-seven (47) year old man who resides in Nassau County in the State of New York.

5. At all relevant times, Mr. Cusma has met the definition of an "employee" under all applicable statutes.

6. At all relevant times, Defendant has met the definition of an "employer" under all applicable statutes.

## Procedural Requirements

7. Mr. Cusma has complied with all statutory prerequisites to his Title VII claims, having filed a charge of discrimination with the Equal Opportunity Commission ("EEOC") New York District Office in August of 2017 (Charge No. 520-2018-00770).

8. Mr. Cusma's EEOC complaint was cross filed with the New York State Division of Human Rights pursuant to a work-share agreement between the two agencies.

9. On or about February 1, 2018, the EEOC issued a right to sue letter and that letter was received by Plaintiff's counsel on February 7, 2018.

10. This lawsuit has been filed within ninety (90) days of receipt of Ms. Cusma's right to sue letter.

11. Any and all other prerequisites to the filing of this lawsuit have been satisfied.

**FACTUAL ALLEGATION**

12. Mr. Cusma is a forty-seven (47) year old man.

13. Mr. Cusma is currently employed as a solar panel system designer.

14. Mr. Cusma was hired by Defendant in August of 2010 as a Residential Direct Sales Representative.

15. Mr. Cusma performed his duties in an exceptional manner and with the highest degree of integrity.

16. Mr. Cusma developed an excellent relationship with his colleagues.

17. Mr. Cusma developed an excellent relationship with his clients and he was a top selling representative for years.

18. In April of 2015, Mr. Cusma was called into a meeting attended by Matthew Haggarty and Erica Simon, in which Dan Ferrara, Carmine Pero and Steve Spaletta were aware of and provided input as to the determination to terminate Mr. Cusma.

19. As a pretext for terminating Mr. Cusma, Defendant claimed the he did not send an order form to the client, which is not grounds for termination.

20. The real reason Mr. Cusma was terminated was because he was over the age of forty (40).

21. Mr. Cusma's top selling contemporaries were all under the age of forty (40), and were not dismissed despite the fact similar mistakes were made by these sales representatives.

22. Upon information and belief, in April of 2016 Altice USA purchased Cablevision Systems Corp.

23. In August of 2016, Mr. Cusma applied for the position of Residential Sale Representative with Altice, but he was not hired despite the fact that younger less qualified candidates were hired.

24. In September of 2017, Mr. Cusma applied for the position of Residential Sale Representative with Altice, but he was not hired despite the fact that younger less qualified candidates were hired.

25. Upon information and belief, all of the actors who discriminated against him are still in management positions and oversee which candidates are hired.

26. Upon information and belief, all of the actors involved still only hire candidates who are under the age of forty (40) years old.

**AS AND FOR A FIRST CAUSE OF ACTION**
**(DISCRIMINATION BASED ON AGE IN VIOLATION OF THE ADEA, 29 U.S.C. § 621 *ET SEQ.*)**

27. Mr. Cusma hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

28. Defendant has discriminated against Mr. Cusma, who at all relevant times herein was over forty (40) years old, on the basis of his age by denying him the same terms and conditions of employment available to younger employees, including but not limited to, subjecting his to disparate working conditions and denying Mr. Cusma the opportunity to work in an employment setting free of unlawful discrimination.

29. As a result of Defendant's aforementioned conduct, Plaintiff has suffered, and continues to suffer severe emotional distress, and other monetary damages, including but not limited

to back-pay and front-pay, connected with Defendant's violations of the ADEA, 29 U.S.C. § 621 *et seq*.

30. As a result of Defendant's unlawful acts, Plaintiff has been deprived of back-pay and front-pay in amounts to be determined at trial, and is entitled to recover such amounts, liquidated damages, pre- and post-judgment interests, attorneys' fees, costs, and other compensation pursuant to the ADEA, 29 U.S.C. § 621 *et seq*.

31. As a direct and proximate result of Defendant's unlawfully intentional discriminatory conduct, Mr. Cusma has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, which has manifested itself in the form of physical illness, for which Mr. Cusma is entitled to an award of monetary damages and other relief.

32. Defendant's unlawful discriminatory actions and harassment constitute malicious, willful and wanton violations, for which, Mr. Cusma is entitled to an award of punitive damages.

**AS AND FOR A SECOND CAUSE OF ACTION**
**(DISCRIMINATION BASED ON AGE IN VIOLATION OF EXECUTIVE LAW §§ 296, *ET SEQ.*)**

33. Mr. Cusma hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

34. Defendant has discriminated against Mr. Cusma, who at all relevant times herein was over forty (40) years old, on the basis of his age by denying him the same terms and conditions of employment available to younger employees, including but not limited to, subjecting his to disparate working conditions and denying Mr. Cusma the opportunity to work in an employment setting free of unlawful discrimination.

35. As a result of Defendant's aforementioned conduct, Plaintiff has suffered, and continues to suffer severe emotional distress, and other monetary damages, including but not limited to back-pay and front-pay, connected with Defendant's violations of Executive Law §§ 296, *et seq*.

36. As a result of Defendant's unlawful acts, Plaintiff has been deprived of back-pay and front-pay in amounts to be determined at trial, and is entitled to recover such amounts, liquidated damages, pre- and post-judgment interests, attorneys' fees, costs, and other compensation pursuant to Executive Law §§ 296, *et seq*.

37. As a direct and proximate result of Defendant's unlawfully intentional discriminatory conduct, Mr. Cusma has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, which has manifested itself in the form of physical illness, for which Mr. Cusma is entitled to an award of monetary damages and other relief.

38. Defendant's unlawful discriminatory actions and harassment constitute malicious, willful and wanton violations, for which, Mr. Cusma is entitled to an award of punitive damages

**AS AND FOR A THIRD CAUSE OF ACTION**
**(DISCRIMINATION BASED ON AGE IN VIOLATION OF NCHR)**

39. Mr. Cusma hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

40. Defendant has discriminated against Mr. Cusma, who at all relevant times herein was over forty (40) years old, on the basis of his age by denying him the same terms and conditions of employment available to younger employees, including but not limited to, subjecting his

to disparate working conditions and denying Mr. Cusma the opportunity to work in an employment setting free of unlawful discrimination.

41. As a result of Defendant's aforementioned conduct, Plaintiff has suffered, and continues to suffer severe emotional distress, and other monetary damages, including but not limited to back-pay and front-pay, connected with Defendant's violations of the Administrative Code §§ 8-101, *et seq*.

42. As a result of Defendant's unlawful acts, Plaintiff has been deprived of back-pay and front-pay in amounts to be determined at trial, and is entitled to recover such amounts, liquidated damages, pre- and post-judgment interests, attorneys' fees, costs, and other compensation pursuant to the Administrative Code §§ 8-101, *et seq*.

43. As a direct and proximate result of Defendant's unlawfully intentional discriminatory conduct, Mr. Cusma has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, which has manifested itself in the form of physical illness, for which Mr. Cusma is entitled to an award of monetary damages and other relief.

44. Defendant's unlawful and discriminatory actions constitute malicious, willful and wonton violations of Section 1981 for which Mr. Cusma is entitled to an award of punitive damages.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**(RETALIATION IN VIOLATION OF NCHRL)**

45. Mr. Cusma hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

46. In violation of Executive Law, §§ 296, et seq., Defendant retaliated against Plaintiff for refusing to proceed with the hearing process to reinstate Plaintiff because she commenced an action in order to preserve his rights.

47. As a direct and proximate result of Defendant's unlawfully intentional discriminatory conduct, Mr. Cusma has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, which has manifested itself in the form of physical illness, for which Mr. Cusma is entitled to an award of monetary damages and other relief.

**AS AND FOR A FIFTH CAUSE OF ACTION**
**(RETALIATION IN VIOLATION OF ADMINISTRATIVE CODE §§ 8-101, ET SEQ.)**

48. Mr. Cusma hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

49. In violation of Administrative Law, §§ 8-101, *et seq*., Defendant retaliated against Plaintiff for refusing to proceed with the hearing process to reinstate Plaintiff because she commenced an action in order to preserve his rights.

50. As a direct and proximate result of Defendant's unlawfully intentional discriminatory conduct, Mr. Cusma has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, which has manifested itself in the form of physical illness, for which Mr. Cusma is entitled to an award of monetary damages and other relief.

## AS AND FOR A SIXTH CAUSE OF ACTION
## BREACH OF FIDUCIARY DUTY

51. Mr. Cusma hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

52. Defendant owed Plaintiff a duty of care and a duty not to discriminate against his at his workplace.

53. As a result of Defendant's aforementioned breach of fiduciary duty owed to Plaintiff, Plaintiff has suffered and continues to suffer monetary damages connected with Defendant's violations of the terms of the Agreement.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Cusma prays that the Court enter a judgment in his favor and against Defendant, containing the following relief:

A. A declaratory judgment that the actions, conduct and practices of the Defendant complained of herein violate the law of the United States of America, the State of New York, and the County of Nassau;

B. An injunction and order permanently restraining Defendant from engaging in such unlawful conduct;

C. An order directing Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Mr. Cusma's employment and personal life;

D. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Mr. Cusma for all monetary and/or economic damages, including but not limited to, the loss of past and future income, wages, compensation, seniority and other benefits of employment;

E. An award of damages in the amount to be determined at trial, plus prejudgment interest, to compensate Mr. Cusma for all non-monetary and/or compensatory damages, including but not limited to, compensation for his mental anguish, humiliation, embarrassment, stress and anxiety, emotional pain and suffering, emotional distress and physical injuries;

F. An award of damages for any and all other monetary and/or non-monetary losses suffered by Mr. Cusma in an amount to be determined at trial, plus prejudgment interest;

G. An award of punitive damages;

H. An award of costs that Mr. Cusma has incurred in this action, as well as Mr. Cusma's reasonable attorneys' fees to the fullest extent permitted by law; and

I. Such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: White Plains, New York
April 24, 2018

Respectfully submitted,

__________________________________
Jaazaniah Asahguii, Esq.

Jaazaniah Asahguii, Esq.
Gaines, Novick, Ponzini, Cossu & Venditti, LLP
Attorneys for the Plaintiff
1133 Westchester Avenue, Suite N-202
White Plains, New York 10604
Tel. (914) 831-6255
Fax (914) 288-0850
Email: jasahguii@gainesllp.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------X

FRANKLIN CUSMA,

Plaintiff,

v.

CSC HOLDINGS, LLC, D/B/A ALTLICE USA, A/K/A OPTIMUM, FORMERLY D/B/A CABLEVISION SYSTEMS CORPS.; AND CABLEVISION SYSTEMS CORP.,

Defendants.

------------------------------------------------------------X

Civil Action No.

**VERIFICATION**

I, Franklin Cusma, have read the foregoing facts and allegations. I reserve the right to modify any of these facts or allegations if it appears at any time that errors or omissions have been made or if more accurate or complete information becomes available.

Subject to the above limitations, I declare under penalty of perjury under the laws of the United States of America that the forgoing facts and allegations in the Complaint are true and correct.

Dated: White Plains, New York
April 24, 2018

Franklin Cusma

Sworn to before me this
24 day of April 2018

Notary Public

JAAZANIAH ASAHGUII
Notary Public, State of New York
No. 02AS6305851
Qualified in Bronx County
Commission Expires June 16,2018